UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND I. SEAU,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTIAN PFIEFFER, Warden, et al.,<br><br>                              Respondents. | Case No.: 24-cv-0572-CAB-DEB<br><br>**REPORT AND RECOMMENDATION ON RESPONDENTS' MOTION TO DISMISS**<br><br>**[DKT. NO. 11]** |

     This Report and Recommendation is submitted to United States District Judge Cathy Ann Bencivengo pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1.d and HC.2.

**I.    Introduction**

     Respondents have filed a Motion to Dismiss the Petition for Writ of Habeas Corpus ("Motion") filed by Roland I. Seau. Dkt. No. 11. Respondents claim Seau filed his Petition after expiration of the one-year statute of limitations. Having reviewed the Motion and Petitioner's opposition, the Court recommends **GRANTING** the Motion.[1]

---

[1] Seau filed a Traverse, incorrectly stating he was responding to Respondents' Answer; however, Respondents filed a Motion to Dismiss in lieu of an Answer. *See* Dkt. No. 7

**II.   Procedural Background**

On October 2, 2015, a San Diego County Superior Court jury convicted Seau of: (1) murder in the first degree in the death of Louiegie Bermas with the personal use of a deadly weapon; (2) the willful, deliberate, and premeditated attempted murder of Randy Lozano; (3) assault with a deadly weapon on Lozano with the personal use of a knife and personal infliction of great bodily injury; and (4) dissuading a witness from reporting a crime.[2] The jury found Seau committed the crimes to benefit a criminal street gang. Dkt. No. 12-2 at 100.

Seau appealed to the California Court of Appeal, which reversed and remanded certain aspects of Seau's sentence but otherwise affirmed the judgment. Dkt. No. 12-3; Dkt. No. 12-8 at 57.

On February 2, 2018, Seau filed a petition for review in the California Supreme Court, (Dkt. No. 12-9), which was denied on March 28, 2018 (Dkt. No. 12-10).

More than five years later, on April 7, 2023, Seau filed a petition for writ of habeas corpus in the California Supreme Court, alleging: (1) ineffective assistance of counsel; and (2) presentation of false evidence by the prosecution. Dkt. No. 12-11 at 3-4. The California Supreme Court summarily denied Seau's petition on July 12, 2023. Dkt. No. 12-12.

On March 22, 2024, Seau filed a Petition for Writ of Habeas Corpus in this Court, asserting the same grounds rejected by the California Supreme Court. Dkt. No. 1.

Respondents' Motion argues Seau filed his Petition after expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. 2244(d). Dkt. No. 11. Seau's Opposition contends this Court should hear his petition to prevent a "miscarriage of justice." Dkt. No. 13.

---

(Order Requiring Response to Petition). The Court treats Petitioner's "Traverse" as an opposition to the Motion. Dkt. No. 13.

[2] The convictions were pursuant to the following California Penal Codes: (1) Sections 187(a), 12022(b)(1), and 186.22(b)(1)); (2) Sections 187(a), 189, 245(a)(1), 664, 12022(b)(1), and 12022.7(a); and (3) Section 136.1(b)(1).

### III. Discussion

Seau's petition is subject to AEDPA's statute of limitations. *See Wixom v. Washington*, 264 F.3d 894, 895 (9th Cir. 2001) ("Since April 24, 1996, state prisoner habeas petitions have been subject to the statute of limitations enacted as part of the [AEDPA]."). Under the AEDPA:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The California Supreme Court denied Seau's Petition for Review on March 28, 2018. Dkt. No. 12-10 at 1. Seau's conviction became final ninety days later, on June 26, 2018. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999) *("We hold that the period of 'direct review' in* 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."); Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). The statute of

limitations began to run the next day, June 27, 2018, and expired one year later on June 27, 2019. Seau, however, did not file his petition in this Court until March 22, 2024. Dkt. No. 1. Seau's petition, therefore, is time-barred unless one of AEDPA's exceptions applies.

Seau does not contend an unconstitutional state action created an impediment to filing his Petition or that the Constitutional violation alleged is newly recognized. Subparagraphs (B) and (C), therefore, do not apply. 28 U.S.C. § 2244(d)(1)(B) & (C).

Nor does Seau contend he could not have discovered the "factual predicate" of his claims—both involving matters occurring before or during his trial—earlier through the exercise of diligence. § 2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (The statute of limitations "'begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'") (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)).

The Court also finds no basis for either statutory or equitable tolling. Statutory tolling applies for the period of "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Here, Seau did not seek post-conviction relief until April 7, 2023, when he filed his habeas corpus petition in the California Supreme Court. Dkt. No. 12-11. AEDPA's one-year limitation period, however, had expired almost four years earlier. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Equitable tolling is available when a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Equitable tolling is unavailable in most cases because "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Seau does not argue that any extraordinary circumstance prevented him from filing a timely habeas petition, nor does he claim he is

entitled to equitable tolling.

Instead, Seau maintains that his actual innocence should override the AEDPA's one-year statute of limitations as an exception to § 2241(d)(1). Dkt. No. 13 at 8–12.

In *Schlup*, the United States Supreme Court recognized a claim of "actual innocence" brings a petition within a "narrow class of cases implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (citation omitted); *see also Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) ("[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may . . . have his otherwise time-barred claims heard on the merits."). By falling within this "narrow class of cases," petitioners can obtain review of constitutional claims despite procedural default. *Schlup*, 513 U.S. at 315. But such a claim "does not by itself provide a basis for relief." *Id.* For the "actual innocence" exception to apply, a petitioner must produce "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial[, . . . and] the evidence of innocence must be 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Lee*, 653 F.3d at 937–38 (citation and internal quotation marks omitted); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

Seau, however, has proffered no new evidence establishing his actual innocence. Instead, he alleges (without evidentiary support) that, if his trial attorney had retained an expert, then that expert would have undermined the prosecution's theory regarding Seau's involvement in the crime. Speculative allegations, however, do not suffice. *See Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("[W]e have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt."). Because Seau has not produced "new reliable evidence" of his innocence, *Lee*, 653 F.3d at 938, he is not

entitled to review of his otherwise time-barred claims.

## IV. Conclusion

Based on the foregoing, the undersigned recommends **GRANTING** Respondent's Motion to Dismiss. Dkt. No. 11.

IT IS HEREBY ORDERED that on or before July 14, 2025, any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections shall be filed and served within seven (7) days of the filing of the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  June 30, 2025

Daniel E. Butcher
United States Magistrate Judge