UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD I. SEAU,<br><br>PETITIONER,<br><br>v.<br><br>CHRISTIAN PFIEFFER, Warden, et al.,<br><br>RESPONDENTS. | Case No.: 3:24-cv-0572-CAB-DEB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 14] AND GRANTING MOTION TO DISMISS [Doc. No. 11.]** |

On March 22, 2024, Petitioner ("Petitioner"), a state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On September 30, 2024, Respondents filed a Motion to Dismiss. [Doc. No. 11.] On June 30, 2025, Magistrate Judge Daniel E. Butcher issued a Report and Recommendation ("Report"), recommending that the Court grant the Motion to Dismiss. [Doc. No. 14.] The Report also ordered that any objections were to be filed by July 14, 2025. [Report at 6.]

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

  Petitioner filed timely objections to the Report, which the Court resolves de novo. [Doc. No. 15.]  Against the Report's conclusion that no tolling provision saves the petition from AEDPA's statute of limitations, Petitioner again argues that the "actual innocence" exception applies to his claim.  *See Schlup v. Delo*, 513 U.S. 298, 314–15 (1995).  The Court agrees with the Report's well-reasoned analysis.  Petitioner has not identified any new, reliable evidence to warrant the application of the "actual innocence" exception.  *Lee v. Lampert*, 653 F.3d 929, 932, 937–38 (9th Cir. 2011) (actual innocence exception requires the production of "new reliable evidence . . . that was not presented at trial" (quoting S*chlup*, 513 U.S. at 324)).  His objection specifically points to the record established at trial.  As properly concluded in the Report, Petitioner is not entitled to review of his time-barred claims.

  The Court **OVERRULES** Petitioner's objection.  Accordingly, the Court **HEREBY ADOPTS** the Report [Doc. No. 14.] in its entirety.  The Court **HEREBY GRANTS** the motion to dismiss.

  It is **SO ORDERED**.

Dated:  July 28, 2025

Hon. Cathy Ann Bencivengo
United States District Judge