UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND I. SEAU,<br><br>                                     Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER and ROB BONTA, The Attorney General of the State of California<br><br>                                     Respondent. | Case No.:  3:24-cv-572-CAB-DEB<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Roland I. Seau, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  [Doc. No. 1 ("Petition").] Respondent filed a motion to dismiss, which the Court granted because the Petition was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).  [Doc. Nos. 11, 16.]  Petitioner appealed the dismissal to the Ninth Circuit.  [Doc. No. 18.]  The Ninth Circuit remanded the case for the limited purpose of granting or denying a certificate of appealability.  [Doc. No. 21.]  For the following reasons, the Court **DECLINES** to issue a certificate of appealability.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is only allowed in certain

24-cv-572-CAB-DEB

circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, in order to appeal, a state prisoner must receive a certificate of appealability from a circuit justice or judge. 28 U.S.C. § 2253(c)(1)(A); Rules Governing § 2254 Cases, Rule 11(a). A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3).

Here, Petitioner has not made such a showing. Petitioner filed his Petition after the expiration of the one-year statute of limitations contained in AEDPA. 28 U.S.C. § 2244(d)(1)(A); [Doc. No. 14 at 2]. Petitioner was convicted on October 2, 2015. [Doc. No. 14 at 2.] He pursued appeal through the California Court of Appeal and the California Supreme Court, after which his conviction became final on June 26, 2018. [Doc. No. 14 at 2–4.] AEDPA therefore required Petitioner to file his Petition by June 27, 2019; he did not do so until March 22, 2024. [Doc. No. 14 at 4.] His Petition is therefore time-barred unless one of AEDPA's exceptions applies.

In his opposition to the motion to dismiss, Petitioner contended that AEDPA's "actual innocence" exception applies. [Doc. No. 13 at 8–12.] This exception requires a petitioner to "support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Lee v. Lampert,* 653 F.3d 929, 938 (9th Cir. 2011) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). "The evidence of innocence must be 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 937; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

Petitioner argued that the medical examiner's pre-trial testimony—which was never presented to the jury—"listed two possible causes of death" and that trial counsel should have hired an independent medical examiner to dispute the victim's actual cause of death. [Doc. No. 13 at 9.] This is not new reliable evidence; it is Petitioner's speculation. And

24-cv-572-CAB-DEB

even if it were "new," it is not adequate to show that, had it been presented at trial, no reasonable juror would have convicted Petitioner. *See McQuiggin v. Perkins*, 569 U.S. 383, 400–01 (2013); *see also Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("[W]e have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt.").

The Court therefore concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and that reasonable jurists would not find the Court's decision to dismiss the Petition debatable. The Court **DECLINES** to issue a certificate of appealability.

It is **SO ORDERED.**

Dated: April 16, 2026

Hon. Cathy Ann Bencivengo
United States District Judge